CV 12                    5967

Tahanie A. Aboushi, Esq. (TA-6529)
The Aboushi Law Firm, PLLC
501 Fifth Avenue, Third Floor
New York, NY 10017
Telephone: (212) 300-2113
Facsimile: (646) 367-4925
*Attorneys for Plaintiff*

MAUSKOPF, J.

LEVY, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
G.E.,                                          :         Docket No.:
                                               :
                    Plaintiff,                 :
                                               :
        -against-                              :         COMPLAINT
                                               :
The City of New York and The New York Police   :         TRIAL DEMANDED BY
Department                                      :         JURY
                                               :
                                               :
                    Defendants.                :
                                               :
------------------------------------------------------------------------X

        Plaintiff, G.E. by attorneys, THE ABOUSHI LAW FIRM, PLLC, complaining of the

Defendants, respectfully allege, upon information and belief, as follows:

## PRELIMINARY STATEMENT

        New York City is home to hundreds of vibrant religions and cultures. In a thriving and

growing society painted with the beautiful stroke of diversity, it is critical that religious freedom

and expression be defended and protected. To that end, the Constitutions of the United States and

the State of New York protect the fundamental rights of its citizen to practice their religion and

live without unlawful searches and seizure and undue encroachment on the practice of religion.

The New York Police Department and the City of New York, however, engage in patterns and

practices that infringe on the religious freedom of its citizens. This Complaint arises from the

violation of the rights of a Muslim female who was forced to remove her religious covering for no legitimate reason. Although the Plaintiff is Muslim, the practices and polices challenged herein concern all religious creeds. Indeed, this case will force the Defendants to evaluate and correct their policies to ensure that no New Yorker will have their religious observations unlawfully compromised.

## NATURE OF THE ACTION

1. This is a civil rights action brought by Plaintiff for the forcible removal of her religious garments for a public photograph taken during post arrest processing.

2. The City of New York and the New York Police Department discretionarily decide whether or not women of the Muslim faith who cover their hair with a headscarf, must remove their scarf for the "mug" shot.

3. Plaintiff brings this action for injunctive and declaratory relief against the Defendants' and for monetary damages against the Defendants' to redress the violation of Plaintiff's civil and religious rights under the United States Constitution and the Constitution of the State of New York.

## JURISDICTION

4. This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1346(a)(2) and under 42 U.S.C. §1983.

5. This Court has supplemental jurisdiction over claims under the laws of New York State and of the City of New York under 28 U.S.C. §1391(b).

6. This Court is authorized to grant declaratory and injunctive relief under 28 U.S.C. §§2201 and 2202 as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

## VENUE

7.  Venue is proper in the Eastern District of New York under 28 U.S.C. §1391(b) as a

    substantial part of the events or omissions giving rise to the claim occurred, or a

    substantial part of property that is the subject of the action is situated in the Eastern

    District.

## THE PARTIES

8.  Plaintiff is eighteen years old and resides in Brooklyn, New York.

9.  Defendants New York City Police Department is an agency of the City of New York.

10. Defendants City of New York is a municipality within the State of New York.

## STATEMENT OF FACTS

11. On or about March 21, 2012, at approximately 1:00 P.M. at the Sixty-Second (62nd)

    Police Precinct located on, 1925 Bath Ave, Brooklyn, NY 11214, State of New York,

    Plaintiff was escorted from her public high school located in Brooklyn, New York, by

    two plain clothes detectives in response to a harassment claim filed against her.

12. Plaintiff informed the detectives that she was in fact gang assaulted by the person who

    filed the complaint against her. Plaintiff was informed she would still have to go to the

    precinct to discuss the matter.

13. Upon approaching the patrol vehicle, Plaintiff was handcuffed and placed inside. Plaintiff

    cooperated with the detectives and went with them to the Sixty Second Police precinct on

    Bath Avenue in Brooklyn, New York.

14. Upon arriving at said precinct, Plaintiff who is a devout Muslim and covers her hair with

    the religious headscarf, was directed to remove her scarf.

15. Plaintiff pleaded with the officers to allow her to remain covered due to her religious obligations. Plaintiff also informed the officers that she could not have a public photograph taken of her without wearing her headscarf.

16. The Detectives refused to respect Plaintiff's religious freedom and demanded she remove her headscarf.

17. Plaintiff then requested her photograph be taken in a private room so as to prevent men from seeing her hair and also requested that a female officer take her photo.

18. The Detectives allowed Plaintiff to be photographed by a female officer in a private room.

19. At approximately 5:30 P.M. Plaintiff was taken to central booking in Brooklyn, New York for further processing.

20. While there, Plaintiff was placed in the well of central booking where male and female detectives were present and those incarcerated in holding cells were also present and in plain view of Plaintiff.

21. Plaintiff was then ordered by male detectives to remove her headscarf. Plaintiff pleaded with the officers explaining the religious significance and sensitivity of the headscarf and that males who were not her family members were not permitted to see her hair.

22. The detectives continued to insist she remove her headscarf stating that he must make sure there were no weapons under her headscarf.

23. Plaintiff pleaded with the officer and requested that a female officer take her to a bathroom or other private area to check beneath her headscarf so as to not be exposed before the men present in the room.

24. The officers refused to allow a female officer to search Plaintiff and refused to take Plaintiff to a private area to be photograph and searched.

25. Plaintiff explained to the officers that she was photographed and finger printed at the 62nd precinct in a private area by a female officer and the same could be done at central booking.

26. The Officers refused to allow Plaintiff to keep her headscarf on. As the exchange ensued, the prisoners in the holding cell and the male and female detectives in the well of the area were watching the Plaintiff.

27. Unwillingly and embarrassingly, Plaintiff was forced to remove her headscarf. Upon removing her headscarf, Plaintiff was forced to wait for approximately 10-15 minutes, while a cameraman was called and waited another five minutes for him to set up the camera to photograph Plaintiff.

28. Standing there for approximately twenty minutes, exposed, violated and distraught, Plaintiff was forced to stand without her headscarf before all of the men present in this area, male prisoners, officers and detectives alike.

29. Eventually, Plaintiff's photograph was taken without her headscarf on.

30. Her headscarf was then given to her in her hands and she was placed in a holding cell with the men who were watching the incident occur.

31. Plaintiff was scared and uncomfortable while men made inappropriate comments about her hair and her religion.

32. The criminal complaint brought against Plaintiff was dismissed upon the second court appearance.

33. A Notice of Claim was filed and served on May 9, 2012 and a 50-h was subsequently held on September 27, 2012.

34. The City of New York and the New York Police Department knew or should have known of the discrimination and violation of constitutional rights in forcing Plaintiff to remove her religious headscarf.

35. After becoming aware several times of the religious sensitivity of the situation on both occasions, The City of New York and the New York Police Department failed to take any preventative measures to minimize the damage to Plaintiff by forcing her to remove her headscarf in the presence of men and to photograph her without her headscarf on.

36. Plaintiff was not shown or directed to any text of any regulation of the New York City Police Department that states that religious garments/gear must be removed for mug shots or other public and/or governmental photographs.

37. Upon information and belief there is no written regulation or provision in the Patrol Guide or other regulations followed by the NYPD that states that religious garments/gear must be removed prior to the taking of any required photographs.

38. Upon information and belief, there have been instances where female Muslim women who wear the religious headscarf have been permitted to wear their headscarves during the photograph portion post arrest.

39. There is no legitimate governmental interest in forbidding religious garments/gear to be worn during the time of processing post arrest including mug shots and fingerprinting.

40. There is no legitimate governmental interest in compelling the removal of religious garments/gear during the time of processing post arrest including mug shots and fingerprinting.

41. There is no legitimate governmental interest in compelling civilians to violate their religious convictions by removing religious garments/gear in order to be photographed or otherwise processed by the NYPD.

## STATEMENT OF CLAIM

## FIRST CLAIM FOR RELIEF DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43. All of the aforementioned acts deprived Plaintiff G.E. of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

44. The aforementioned individual Defendants in their capacities as officers carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. The conduct alleged to have been committed by Defendants targets religious exercise and violates the Plaintiff's constitutional right to the free exercise of religion by requiring her to remove her headscarf.

47. Such practice has the principle effect of excluding sincere religious observers such as Plaintiff. Individuals who do not have sincere religious convictions are not subject to removing their religious garments/gear upon command. As a result, Defendants' practice is unconstitutional and violates Plaintiff's first amendment rights.

48. The Fourteenth Amendment to the United States Constitution, which prohibits the deprivation of "life, liberty or property without due process of law" guarantees to each civilian in state custody the substantive right to be free from harm and from undue restraints on their liberty.

49. Defendants have deprived Plaintiff of her liberty without due process of law by failing to provide adequate religious accommodations to prevent violations of Plaintiff's religious freedom.

50. Plaintiff has been harmed by Defendants' violation of her rights under the Fourteenth Amendment. Plaintiff's harms include but are not limited to psychological and emotional damage during the course of her confinement and interaction with the NYPD on said date.

51. Plaintiff accordingly seeks redress pursuant to 42 U.S.C. §1983.


## PENDANT STATE CLAIMS AGAINST THE CITY OF NEW YORK AND THE NEW YORK POLICE DEPARTMENT, INC.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW FALSE ARREST

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants through its employees, servants and/or agents, caused the arrest of Plaintiff G.E.

54. Plaintiff G.E. was subjected to an illegal, improper and false arrest by said Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated for approximately twenty-four hours prior to arraignment and release.

55. The aforesaid actions by Defendants led to a deprivation of Plaintiff G.E. rights as secured under New York State law.

56. As a result of the aforementioned conduct, Plaintiff G.E. has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW FALSE IMPRISONMENT**

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. As a result of the foregoing, Plaintiff G.E. was falsely imprisoned by Defendants, her liberty was restricted, she was put in fear for her safety, and she was humiliated.

59. Plaintiff G.E. was conscious of said confinement and did not consent to same.

60. The confinement of Plaintiff G.E. was without probable cause and was not otherwise privileged.

61. As a result of the aforementioned conduct, Plaintiff G.E. has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW ASSAULT**

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. The aforementioned actions of Defendants' employees, servants and/or agents placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

64. As a result of the conduct of Defendants' employees, servants and/or agents, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW BATTERY

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants' employees, servants and/or agents touched Plaintiff in a harmful and offensive manner.

67. Defendants' employees, servants and/or agents did so without privilege or consent from Plaintiff.

68. As a result of the conduct of Defendants' employees, servants and/or agents, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM UNDER NEW YORK STATE STATUTES
### Religious Discrimination

69. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "68".

70. The Defendants' unconstitutional and illegal acts, conditions and practices described herein violate Article I, Section 3 of the Constitution of the State of New York because it does not allow Plaintiff the free exercise and enjoyment of religious worship as construed by the Courts of New York State.

71. The purported governmental interest in requiring all religious garb to be removed for the purposes of being photographed or otherwise processed post arrest does not justify the

violations of fundamental rights afforded to Plaintiff under the Constitution of the State of New York.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

74. The aforementioned conduct was committed by employees, servants and/or agents of Defendants while acting within the scope of their employment.

75. The aforementioned conduct was committed by employees, servants and/or agents of Defendants while acting in furtherance of their employment.

76. The aforementioned conduct was unnecessary,  intentional and done for the sole purpose of causing severe emotional distress to Plaintiff G.E.

77. As a result of the aforementioned conduct, Plaintiff G.E. suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER NEW YORK  STATE LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

80. The aforementioned conduct was negligent and caused severe emotional distress to Plaintiff G.E.

81. The aforementioned conduct was committed by employees, servants and/or agents of Defendants while acting within the scope of their employment.

82. The aforementioned conduct was committed by employees, servants and/or agents of Defendants while acting in furtherance of their employment.

83. As a result of the aforementioned conduct, Plaintiff G.E. suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW PRIMA FACIE TORT

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants by the aforesaid conduct, inflicted harm upon Plaintiff G.E.

86. The aforesaid conduct of Defendants was intentional.

87. The aforesaid conduct of Defendants was without any excuse or justification

88. As a result of the conduct of Defendants Plaintiff G.E. sustained, inter alia, severe emotional distress, embarrassment, and humiliation, deprivation of her constitutional rights, and special damages.

## NINTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW NEGLIGENT HIRING AND RETENTION

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Upon information and belief, Defendants, failed to use reasonable care in the hiring and retention of the employees who caused Plaintiff G.E. to be arrested and prosecuted by the NYPD.

91. Defendants, knew, or should have known in the exercise of reasonable care, the propensities of said employees to engage in the wrongful conduct heretofore alleged in this Complaint.

92. As a result of the conduct of Defendants, Plaintiff G.E. sustained, inter alia, severe emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

**TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW NEGLIGENT TRAINING AND SUPERVISION**

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Upon information and belief, Defendants, failed to use reasonable care in the training and supervision of the aforesaid employees who caused Plaintiff G.E. to be harmed.

95. As a result of the conduct of Defendants, Plaintiff G.E. sustained, inter alia, severe emotional distress, embarrassment, and humiliation, deprivation of her constitutional rights, and special damages.

96. As a result of the foregoing, Plaintiff G.E., is entitled to compensatory damages against Defendants,  in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages in the sum of one million dollars ($1,000,000.00).

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff, G.E. requests that this Court grant the following relief:

a.  Issue a declaratory judgment declaring that the acts, omissions, policies and practices of Defendants' with regard to religiously observant individuals who are arrested and wear the respective religious attire, violate the United States Constitution;

b.  Enjoin Defendants, their agents, officials, employees and all persons acting in concert with them, under color of State law or otherwise, from continuing the unconstitutional and illegal acts, conditions and practices described in this Complaint;

c.  Order Defendants their agents, officials, employees and all persons acting in concert with them, under color of State law or otherwise to take all necessary actions to provide policies, practices and training that ensure that Plaintiff and those similarly situated will not be subject to violations of their religious freedom at the time of arrest and thereafter;

d.  Order Defendants to develop and implement a comprehensive plan for the correction of the unlawful policies, practices, acts and omissions complained of herein and to submit this plan to the Court and to the

attorneys for the Plaintiff for review and comment before the Court orders the plan;

   e.   Award Plaintiff G.E. compensatory and punitive damages in an amount to be determined at trial against Defendants for violations of her federal constitutional rights;

   f.   Retain jurisdiction in this case until the unlawful conditions, practice, policies, acts and omissions complained of herein no longer exist and this Court is satisfied that they will not recur;

   g.   Award Plaintiff the costs of this action, including reasonable attorneys' fees and

   h.   Grant such other and further relief as this Court deems just and proper.

Dated: New York, NY
          December 03, 2012

                                Respectfully Submitted,

                                THE ABOUSHI LAW FIRM, PLLC
                                *Attorneys for Plaintiff*
                                501 Fifth Avenue, Third Floor
                                New York, NY 10017
                                Telephone: 212.300.2113
                                Facsimile: 646.367.4924
                                tahanie@aboushi.com

                                By:
                                  Tahanie A. Aboushi, Esq (TA-6529)